UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ADAM ZYSKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>NEIL T. SCHOONMAKER,<br><br>Defendant. | Case No. 1:23-cv-00433-ADA-EPG<br><br>ORDER REGARDING CORRESPONDENCE<br><br>(ECF No. 3) |

Plaintiff filed this civil action on March 22, 2023. (*See* ECF No. 1). Because Plaintiff failed to pay the $402.00 filing fee or submit an application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915, the Court entered an order on March 27, 2023, directing him to do either within 45 days of service of the order. This matter is now before the Court on Plaintiff's "Correspondence Regarding Accident and Trespass on a Case." (ECF No. 3) (capitalization omitted).

Generally, Plaintiff appears to be asserting that he is his own Court, which rules of court have been violated by this Court issuing an order directing him to pay the filing fee or submit an IFP application. In support, Plaintiff states as follows: "**i, do not consent to any statutory jurisdiction**; i; require, at all times, to remain a **man**, in a jurisdiction of **common law**." He also refers to a document filed with the complaint, titled "Rules of the Joseph Adam Zyskowski Court." Generally, this document sets forth a set of rules that Plaintiff asserts will be applicable to this case, including among other things, (1) requiring any Magistrate Judge to give a special oath at his court; (2) requiring the Court to not "accept any acts, codes or statutes, as this is a court of law"; and (3) allowing recording devices in the courtroom.

Plaintiff appears to be advocating a sovereign-citizen ideology. Generally, sovereign citizens disclaim any authority by government authorities over them based on the person's own purported sovereignty. *See Vazquez v. California Highway Patrol*, No. 2:15-CV-756-JAM-EFB (PS), 2016 WL 232332, at *2 (E.D. Cal. Jan. 19, 2016) (explaining "sovereign citizen" ideology). To the extent that Plaintiff advocates any sovereign citizen ideology—*i.e.*, that this Court has no authority over him and he is able to set his own rules for his own personal court—Plaintiff is advised that courts have uniformly rejected such arguments as meritless. *Mackey v. Bureau of Prisons*, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (noting that "[c]ourts across the country" have rejected sovereign citizen arguments "as frivolous, irrational, or unintelligible"). Moreover, "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *see Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (noting that a sovereign citizen "was lucky to be spared sanctions"). The Court will not expend its scare resources to further address Plaintiff's meritless contentions, *e.g.*, that he is a court, that he can set his own rules for litigating this case, and that this Court lacks authority to order him to pay the filing fee or file an IFP application.

Accordingly, IT IS ORDERED as follows:

1. To the extent that Plaintiff's "Correspondence Regarding Accident and Trespass on a Case" asks to be relieved of the requirement to pay the filing fee or file an IFP application, the request is denied.
2. The Court's March 27, 2023 order directing Plaintiff to pay the filing fee or file an IFP application remains in effect. Failure to comply with that order within 45 days of service of that order <u>will result in dismissal of this action</u>.

\\\
\\\
\\\
\\\
\\\
\\\

3. The Court will summarily deny any future requests for relief asserting sovereign-citizen ideology, and Plaintiff is warned that filings asserting such arguments may subject him to sanctions.

IT IS SO ORDERED.

Dated: **April 10, 2023**          /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE