UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ADAM ZYSKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>NEIL T. SCHOONMAKER,<br><br>Defendant. | Case No.  1:23-cv-00433-ADA-EPG<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT-MATTER JURISDICTION<br><br>(ECF No. 1) |

## I. INTRODUCTION

Plaintiff Joseph Adam Zyskowski sues an IRS employee, Defendant Neil T. Schoonmaker, over a dispute as to whether Plaintiff owes penalties from allegedly filing a frivolous tax return. Because the complaint does not sufficiently allege that the Court has subject-matter jurisdiction of this case, the Court issues this order requiring Plaintiff to show cause why this case should not be dismissed. Alternatively, Plaintiff may file an amended complaint.

## II. SUMMARY OF COMPLAINT

Plaintiff filed his complaint on March 22, 2023, and has recently paid the $402 filing fee.[1] (ECF No. 1). The complaint alleges that Plaintiff does "not volunteer [his] private sector earnings" so as "to be subject to the federal income excise tax." In 2020, he sent an amended 2017 tax return to the IRS to receive a refund of taxes "erroneously paid." He claims to have received a refund check of $91,235.61.

---

[1] For readability, the Court has made some alterations, such as changing capitalization, to Plaintiff's quotes, without indicating each change.

1

However, in October 2021, he received a letter from the IRS's "Return Integrity Verification Ops," where Defendant is a "director," accusing him of filing a "frivolous" tax return for 2017 and stating that he needed to correct the return or he would be charged a $5,000 "frivolous return penalty." Plaintiff received "a bill dated April 11, 2022, for a $5,000 purported debt, in the guise of a 'frivolous return penalty.'" Later, Plaintiff received "another bill, dated June 6, 2022, for $20,030.78," which consisted of four separate $5,000 penalties relating to the 2017 tax return plus $30.78 in interest.

Based on these allegations, Plaintiff brings five trespass claims, which include one claim of "trespass by way of barratry" and four claims of "trespass[] by way of debt." As for relief, Plaintiff seeks $100,000 for each of his five trespass claims, "plus $1 per minute, beginning from midnight on May 19, 2022, and continuing for as long as any trespass continues." Plaintiff calculates the current amount owed to him as $932,000, plus court costs and related expenses.

### III.   SUBJECT-MATTER JURISDICTION

#### A. Generally

A court's subject-matter jurisdiction over a case "refers to a tribunal's power to hear [the] case, a matter that can never be forfeited or waived." *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quotation marks and citation omitted). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action."

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). There are two main bases to establish subject-matter jurisdiction in a case.

First, 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "'well-

pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "citizens of different States." The citizenship of an individual is "determined by her state of domicile, not her state of residence," with a domicile being the individual's "permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, the complaint does not identify which of these provisions provide subject-matter jurisdiction over Plaintiff's "trespass" claims. *See* Fed. R. Civ.8(a) (requiring a complaint to provide "a short and plain statement of the grounds for the court's jurisdiction"). And as explained below, neither provision appears to apply.

### B. Federal Question

Plaintiff cites no federal law (*e.g.*, a statute) as providing a cognizable cause of action for his trespass claims as alleged. Instead, Plaintiff appears to assert that legal rules do not apply to him. A document attached to his complaint lists the so-called "Rules of the Joseph Adam Zyskowski Court." (ECF No. 1, p. 8). Among other things, this document sets forth a set of purported rules that Plaintiff asserts will be applicable to this case, including among other things, (1) requiring any Magistrate Judge to give a special oath at his court; (2) allowing recording devices in the courtroom; and (3) prohibiting any requirement that court attendees wear a face mask. Most pertinent here, Plaintiff states that "the court will not accept any acts, codes or statutes, as this is a court of law" and "the court will only accept claims with facts and evidence to support any and all claims." Plaintiff goes on to say that "the court will ascribe the following definitions" to his claims:

> Trespass by way of barratry: using a legal process to obstruct the right(s) of a man or woman; an example of trespass by way of barratry is: requiring a lawsuit to accomplish the return of a man's or woman's property, or to have a claim of debt withdrawn.
>
> Trespass by way of debt: attempting to collect a debt that does not lawfully exist because there is no written agreement that [bears] the autograph of the man or

      woman who is claimed to owe the debt, and/or no product or service of equivalent value was ever received by the man or woman who is claimed to owe the debt.

(*Id.* at 11-12).[2]

These purported claims are not federal claims and do not establish federal question jurisdiction over Plaintiff's case. Because Plaintiff has failed to show that his claims, as defined, fall under any applicable federal law, it appears that this Court lacks subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (noting that claims that are so implausible as not to involve a federal controversy warrant dismissal for lack of subject-matter jurisdiction).

### C. Diversity

As an initial matter, the Court notes that Plaintiff identifies no state legal authority authorizing his trespass claims. However, the cover sheet attached to Plaintiff's complaint suggests that he may be attempting to invoke diversity jurisdiction, as he states the following as the basis of jurisdiction: "the man in honor seeking remedy for a claim of trespass, Joseph Adam Zyskowski, resides in the state of Nevada; the man accused of trespasses, Neil T. Schoonmaker, resides in the state of California." But "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state"; accordingly, Plaintiff "failure to specify [his or Defendant's] state citizenship [is] fatal to [any] assertion of diversity jurisdiction." *Kanter*, 265 F.3d at 857-58.

But even if Plaintiff had properly alleged each party's citizenship, he fails to adequately assert that the amount in controversy exceeds $75,000. "The amount in controversy alleged by the proponent of federal jurisdiction . . . controls so long as the claim is made in good faith." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Here, while Plaintiff seeks a recovery of $932,000, this amount does not appear to be in good faith. Importantly, the so-called "debts" forming the basis of the complaint stem from the five "frivolous return penalties," which total around $25,000. The rest of the amount comes from Plaintiff's unexplained request for $100,000 for each of the five trespass claims and $1 per

---

[2] Black's Law Dictionary provides multiple definitions for barratry, but one is as follows: "Vexatious incitement to litigation, esp. by soliciting potential legal clients. There must typically be a showing that the resulting lawsuit was utterly baseless." BARRATRY, Black's Law Dictionary (11th ed. 2019). Here, there is no allegation that Defendant has vexatiously incited a lawsuit.

minute so long as any trespass continues. Such an amount does not appear justified by the allegations in the complaint and thus are not sufficient to invoke the Court's diversity jurisdiction.

### D. Tax-Refund Action

Because Plaintiff generally alleges a dispute concerning a tax refund, the Court notes that, in certain circumstances, an individual can pursue a tax-refund action against the United States, under 28 U.S.C. § 1346(a)(1), which provides that "[t]he district courts shall have original jurisdiction" over civil actions against the United States concerning "the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

But before filing suit, a plaintiff must comply with 26 U.S.C. § 7422(a), which provides as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). "If a person neglects to file an administrative claim as required by § 7422(a), that person has failed to satisfy a necessary condition of the waiver of sovereign immunity under § 1346(a)(1), and . . . the district court is necessarily divested of jurisdiction over the action." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1089 (9th Cir. 2007).

Should Plaintiff decide to file an amended complaint asserting such a claim, he should also allege facts regarding his satisfaction of this administrative requirement.

### IV. ORDER

For the reasons given, IT IS ORDERED as follows:

1. By no later than May 22, 2023, Plaintiff shall file a written response showing cause why his complaint should not be dismissed for lack of subject-matter jurisdiction.
2. Alternatively, Plaintiff may file an amended complaint by this same date that contains sufficient allegations to establish the Court's subject-matter jurisdiction.

\\\

3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **May 1, 2023**                              /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE