UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ADAM ZYSKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>NEIL T. SCHOONMAKER,<br><br>Defendant. | Case No.   1:23-cv-00433-ADA-EPG<br><br>ORDER GRANTING MOTION TO WITHDRAW FILING FROM FURTHER CONSIDERATION<br><br>(ECF No. 9)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>(ECF No. 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.     INTRODUCTION**

Plaintiff Joseph Adam Zyskowski sues an IRS employee, Defendant Neil T. Schoonmaker, over a dispute as to whether Plaintiff owes penalties from allegedly filing a frivolous tax return. Upon review of the initial complaint on May 1, 2023, the Court issued an order for Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. (ECF No. 6). Generally, the Court noted that Plaintiff had failed to identify any cognizable federal claim and had not sufficiently alleged diversity of citizenship among the parties or the amount in controversy. Within the order, the Court advised Plaintiff of the standards governing a tax-refund action and permitted Plaintiff to file an amended complaint adequately

alleging jurisdiction.

On May 17, 2023, Plaintiff timely responded, filing the following documents: (1) a motion to withdraw a filing included with his initial complaint, titled "Rules of the Joseph Adam Zyskowski Court,"[1] that purported to set procedural and substantive rules for how this case would proceed (ECF No. 9); (2) a response to the order to show cause, asserting that the Court has diversity jurisdiction over this case (ECF No. 7); and (3) an amended complaint (ECF No. 10).[2]

After review of the filings, the Court (1) will grant Plaintiff's motion to withdraw the filing titled "Rules of the Joseph Adam Zyskowski Court" from further consideration and (2) will recommend that this action be dismissed, without prejudice, for lack of subject-matter jurisdiction.

## II.   SUMMARY OF THE AMENDED COMPLAINT

Plaintiff's amended complaint is very similar to his initial complaint. He states that he "claim[s] the private sector, non-federal, non-privileged earnings" that are his property. In 2020, he sent an amended 2017 tax return to the IRS to receive a tax refund. After no indication that his return had been received, he sent another amended 2017 tax return. Ultimately, he received a refund check of $91,235.61.

However, in October 2021, he received a letter from the IRS's "Return Integrity Verification Ops," where Defendant is a "director," accusing him of filing a "frivolous" tax return for 2017 and stating that he needed to correct the return or he would be charged a $5,000 "frivolous return penalty." Plaintiff received "a bill dated April 11, 2022, for a $5,000 debt, in the guise of a 'frivolous return penalty.'" Later, Plaintiff received "another bill, dated June 6, 2022, which included the previous $5,000 purported debt plus $30.78 in interest, and three (3) additional $5,000 purported debts, for a total amount of $20,030.78."

Based on these allegations, Plaintiff asserts claims for "trespass by way of barratry"[3] and

---

[1] For readability, the Court has made some alterations, such as changing capitalization, to Plaintiff's quotes, without indicating each change.

[2] Plaintiff also filed a "notice of reservation of rights and status as a man," generally indicating that he believes he should be referred to as something other than "Plaintiff" in this case, such as "the man seeking remedy." (ECF No. 8). Because this "notice" filing does not seek a court order, *see* Fed. R. Civ. P. 7(b), the Court does not consider it a motion and will not address it as such. However, to the extent that Plaintiff seeks any relief, his request is denied.

[3] Black's Law Dictionary provides multiple definitions for barratry, but one is as follows: "Vexatious

"trespass by way of debt." As for relief, Plaintiff seeks "$100,000 for each of five instances of trespass by way of barratry and debt, plus $1 per minute any trespass continue[s], from midnight of May 19, 2022."

### III. SUBJECT-MATTER JURISDICTION

#### A. Generally

A court's subject-matter jurisdiction over a case "refers to a tribunal's power to hear [the] case, a matter that can never be forfeited or waived." *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quotation marks and citation omitted). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action."

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). There are two main bases to establish subject-matter jurisdiction in a case.

First, 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "'well-pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "citizens of different States." The citizenship of an individual is "determined by her state of domicile, not her state of residence," with a domicile being the individual's "permanent home, where she resides with the intention to

---

incitement to litigation, esp. by soliciting potential legal clients. There must typically be a showing that the resulting lawsuit was utterly baseless." BARRATRY, Black's Law Dictionary (11th ed. 2019). Here, there is no allegation that Defendant has vexatiously incited a lawsuit.

remain or to which she intends to return." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

**B.    Analysis**

The complaint indicates, and Plaintiff's response to the show cause order specifically states, that jurisdiction is based on diversity of citizenship.[4] (ECF No. 7, p. 1; ECF No. 10, p. 1). Specifically, the complaint alleges that Plaintiff is a citizen of Nevada, that Defendant is a citizen of California, and that the amount in controversy exceeds the value of $75,000.

As an initial matter, the Court notes that Plaintiff identifies no legal authority authorizing his trespass claims. But even assuming Plaintiff had identified a cognizable cause of action, he fails to adequately assert that the amount in controversy exceeds $75,000. The amount in controversy generally includes damages, the cost of complying with an injunction, and attorney fees, but excludes interests and costs. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (defining the amount in controversy for diversity jurisdiction). "The amount in controversy alleged by the proponent of federal jurisdiction . . . controls so long as the claim is made in good faith." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

Here, while Plaintiff asserts a total amount in controversy over $75,000, only approximately $20,000 of the amount at issue in this case concerns the frivolous return penalties. The rest of what Plaintiff claims comes from his unexplained request for $100,000 for each of the five instances of trespass and $1 per minute so long as any trespass continues. While these figures presumably represent damages, he cites no facts supporting these amounts and provides no legal authority suggesting that he could recover them. Given Plaintiff's failure to make a good faith estimate of the amount recoverable, the Court concludes that it lacks subject-matter jurisdiction over this case. *See Russell v. Access Securepak, Inc.*, No. CIV S-07-0373 RRB GGH PS, 2007 WL 4170756, at *2 (E.D. Cal. Nov. 20, 2007) (recommending dismissal for lack of subject-matter jurisdiction where the plaintiffs failed to allege the amount in controversy).

\\\

---

[4] Plaintiff does not assert federal question jurisdiction, and the Court does not find any cognizable federal claim based on Plaintiff's "trespass" allegations.

4

### IV. CONCLUSION, ORDER, AND RECOMMENDATIONS

In the order to show cause, the Court noted the deficiencies in Plaintiff's jurisdictional allegations, advised him of potentially relevant legal standards for a tax-refund action, and permitted Plaintiff to file an amended complaint. However, Plaintiff filed a substantially similar complaint, failing to sufficiently allege the Court's subject-matter jurisdiction over this case. Based on these circumstances, any further leave to amend is not warranted. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile . . . or where the amended complaint would be subject to dismissal.") (citations omitted). However, the Court will recommend that the dismissal be without prejudice should Plaintiff be able to reassert his claims in a proper court in the future. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

Accordingly, IT IS ORDERED that Plaintiff's motion to withdraw (ECF No. 9) the filing titled "Rules of the Joseph Adam Zyskowski Court" from further consideration is granted.

Further, IT IS RECOMMENDED as follows:

1. This action be dismissed, without prejudice, based on Plaintiff's failure to establish the Court's subject-matter jurisdiction over this case.
2. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\
\\\
\\\

5

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 22, 2023**        /s/ Eric P. Gross
UNITED STATES MAGISTRATE JUDGE

6